IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DWAYNE DUMONT HAIZLIP,           )
                                 )
       Plaintiff,                )
                                 )
   v.                            )      1:14CV770
                                 )
RICK ALSTON, et al.,             )
                                 )
       Defendants.               )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff brought this action under 42 U.S.C. § 1983 (Docket Entry 2) and the Court allowed it to proceed as to his excessive force claim against three police officers employed by the City of Greensboro (Docket Entry 8). Plaintiff now has submitted a letter motion "requesting that [the Court] put an order in directing the staff members administration at [the prison] facility where [he is] being housed to photocopy legal documents pertaining only to th[is] case . . . ." (Docket Entry 44 at 1 (internal quotation marks omitted).) Given the non-party status of the officials Plaintiff would have so enjoined, the Court should deny his instant request.[1]

---

[1] Because Plaintiff "seeks <u>injunctive relief</u> directing officials to provide him with . . . free photocopying services," <u>Hairston v. McPeak</u>, No. 7:12CV416, 2012 WL 5285752, at *1 (W.D. Va. Oct. 23, 2012) (emphasis added), the undersigned United States Magistrate Judge has entered a recommendation (rather than an order), <u>see</u> 28 U.S.C. § 636(b)(1)(A) (excepting "motion[s] for injunctive relief" from "pretrial matters" which magistrate judges may "determine") & (B) (authorizing magistrate judges "to submit to a [district] judge . . . recommendations for the disposition . . . of any motion excepted in subparagraph (A)").

> As the United States Supreme Court long ago explained:
>
> It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process. A judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution and statute of the United States prescribe and judicial action enforcing it against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendments requires.

Hansberry v. Lee, 311 U.S. 32, 40 (1940) (citations omitted). In other words, "[i]n general, a court may not enter orders against nonparties." Kenseth v. Dean Health Plan, Inc., 722 F.3d 869, 890 n.7 (7th Cir. 2013); see also Steans v. Combined Ins. Co. of Am., 148 F.3d 1266, 1270 (11th Cir. 1998) (recognizing "principle of general application that a judgment *in personam* is not binding on a person who is not designated as a party" (internal quotation marks omitted)); Elliott v. Kiesewetter, 98 F.3d 47, 56 n.5 (3d Cir. 1996) ("A non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting in active concert or participation with the party against whom injunctive relief is sought." (internal quotation marks omitted)); Person v. Miller, No. 86-3880, 870 F.2d 655 (table), 1989 WL 20895, at *1 (4th Cir. Mar. 2, 1989) (unpublished) ("Under Fed. R. Civ. P. 65(d) court orders are binding upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who

receive actual notice of the order by personal service or otherwise." (internal quotation marks omitted)); Talbert v. Smith, No. 7:05CV736, 2007 WL 773910, at *1 (W.D. Va. Mar. 9, 2007) ("It is well settled that except in limited circumstances, which are not alleged here, a court may not order injunctive relief against non-parties."); 11A Charles Alan Wright, et al., Federal Practice and Procedure § 2956 (3d ed. 1998) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction. Therefore, persons who are not actual parties to the action or in privity with any parties may not be brought within the effect of a decree merely by naming them in the order. The only significant exception to this rule involves nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant or the defendant's privy in violating the injunction." (footnotes omitted)).[2]

---

[2] The United States Supreme Court also has "noted an exception to the general rule [against orders binding non-parties] 'where a special remedial scheme exists expressly foreclosing successive litigation by nonlitigants, as for example in bankruptcy or probate.'" Steans, 148 F.3d at 1270 n.15 (quoting Martin v. Wilks, 490 U.S. 755, 762 n.2 (1989), superseded in part by statute as recognized in Landgraf v. USA Film Prods., 511 U.S. 244, 251 (1994)). As documented above (like in Steans), "[n]o such exception is present in the instant case." Id. Additionally, pursuant to the subpoena power, see Fed. R. Civ. P. 45, a federal court may "compel the attendance of witnesses and the production of documents so that the court may have access to all of the available information for the determination of controversies before it." 9A Charles Alan Wright, et al., Federal Practice and Procedure § 2451
(continued...)

The All Writs Act, 28 U.S.C. § 1651, does authorize federal courts to enter orders, "under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (citations omitted). However, "[t]he powers of the federal courts under the All Writs Act are not unlimited." United States v. Venneri, 782 F. Supp. 1091, 1094 (D. Md. 1991); see also Pennsylvania Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 42 (1985) (rejecting notion that federal courts may enter orders against non-parties based "upon a mere statement that such an order would be 'necessary or appropriate'"). Plaintiff has cited no authority supporting the view that the Court may employ the All Writs Act to grant the relief sought in the instant letter motion (see Docket Entry 44 at 1-2);[3] nor has independent research revealed any precedent for such action.

---

[2](...continued)
(3d ed. 1998). As described above, Plaintiff's instant letter motion does not propose to obtain information via subpoena.

[3] The instant letter motion cites four cases (see Docket Entry 44 at 2); however, each involved actions by prisoners against state officials for denial of the federal constitutional right of access to courts, not requests for orders against non-parties, see Bounds v. Smith, 430 U.S. 817 (1977), Gluth v. Kangas, 951 F.2d 1504 (9th Cir. 1991), Harrington v. Holshouser, 741 F.2d 66 (4th Cir. 1984), and Canell v. Multnomah Cty., 141 F. Supp. 2d 1046 (D. Or. 2001).

Moreover, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Corr., 474 U.S. at 43 (emphasis added). Plaintiff possesses a statutory remedy against prison officials under 42 U.S.C. § 1983, if their photocopying policies violate his federal constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343 (1996). That avenue, not resort to extraordinary writs, provides the proper path (at least in this Court) for Plaintiff to pursue the relief requested in the instant letter motion. See Cauthon v. Nelson, No. 95-3022, 74 F.3d 1248 (table), 1996 WL 3919, at *1 & n.4 (10th Cir. Jan. 4, 1996) (unpublished) (affirming dismissal of petition, brought under 28 U.S.C. §§ 1361 and 1651, "seek[ing] relief from state prison regulations which limit the number of photocopies inmates can make in connection with their legal proceedings" and stating that the "[p]etitioner should have brought an action in federal court pursuant to 42 U.S.C. [§] 1983 alleging deprivation of federal constitutional rights, or should have sought a writ of mandamus against [the r]espondents in state court").

**IT IS THEREFORE RECOMMENDED** that Plaintiff's letter motion (Docket Entry 44) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 11, 2015